IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY DEAN WILLIAMS,<br><br>　　Plaintiff,<br><br>v.<br><br>DEUSTCHE BANK NATIONAL TRUST COMPANY and WEISSMAN, NOWACK, CURRY & WILCO, P.C.,<br><br>　　Defendants. | CIVIL ACTION FILE NO.<br><br>1:16-CV-3286-WSD-CMS |

### **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on two amended motions to dismiss, one filed by Defendant Deustche Bank National Trust Company ("Deutsche Bank") (Docs. 5&13) and the other filed by Defendant Weissman, Nowack, Curry & Wilco, P.C. ("the Law Firm") (Docs. 3&12). For the reasons that follow, I **RECOMMEND** that Defendants' motions to dismiss, as amended, be **GRANTED.**

### **I.　　BACKGROUND**

Plaintiff Timothy Dean Williams, proceeding pro se, filed the original complaint initiating this action in the Superior Court of Fulton County, Georgia, on August 1, 2016. (Doc. 1-1, Compl. at 3-20). Alleging that Plaintiff is "a pawn in a mortgage scam," the Complaint seeks, among other things, money damages and a

declaration that Defendants have no interest in his property and have no legal standing to institute foreclosure proceedings on his property. (Id. at 16-17). Plaintiff names Deustche Bank and the Law Firm as defendants and asserts the following causes of action: quiet title, title fraud, violation of Internal Revenue Code ("IRC") §§ 860A-G, violation of the Securities & Exchange Act of 1934, breach of a pooling and servicing agreement, wrongful attempted foreclosure, fraudulent assignment, and civil RICO. (Id., ¶¶ 19-54).

On August 31, 2016, the Law Firm filed a motion to dismiss in Fulton County Superior Court pursuant to Georgia law. (Doc 3). That same day, both Defendants removed the case to this Court on the basis of federal question jurisdiction, arguing that Plaintiff's claims under the IRC and the Securities and Exchange Act arise under the laws of the United States. (Doc. 1 at 2). Defendants also contended that removal is proper based on diversity jurisdiction because there is complete diversity between Plaintiff and Deutsche Bank, and the Law Firm was fraudulently joined. (Id. at 3-6). Plaintiff did not file a motion to remand or otherwise challenge Defendants' assertion that the Law Firm was fraudulently joined. Deutsche Bank then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). Plaintiff filed a response in opposition to the two motions to dismiss, and Deutsche Bank filed a reply. (Docs. 8, 9).

After identifying certain deficiencies in the two motions to dismiss, I ordered Defendants to amend their motions to clarify their arguments, to particularly address each of the claims asserted in the Complaint, to cite to the relevant law for motions to dismiss in federal court, to ensure that all the necessary exhibits to their motions are properly before the Court, and to provide the pleadings from the two state court actions referenced in the motions to dismiss in connection with Defendants' collateral estoppel arguments. (Docs. 10, 14). Defendants complied with my Order and filed amended motions along with some pleadings and orders from the two state court actions. (Docs. 12, 13, 15). Plaintiff did not file an amended response, despite having been afforded the opportunity to do so. (Docs. 10, 14). The two motions to dismiss, as amended, are now ripe for consideration.

## II. FACTS

I have taken the following facts from the allegations in Plaintiff's Complaint and have accepted them as true for the purpose of resolving Defendants' motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As discussed below, I have also taken judicial notice of certain publicly filed documents, pursuant to Federal Rule of Evidence 201.

According to the Complaint, on February 20, 2004, Plaintiff purchased real

property located at 221 16th St. NW, Apt 4, Atlanta, Georgia 30363 (the "Property"), and borrowed $237,000 from Green Point Mortgage Funding ("Green Point") to do so. At the time of the purchase, Plaintiff executed a security deed that conveyed the Property to MERS, as grantee for the lender, Green Point. (Compl. ¶¶ 1, 2).

Two years later, on November 16, 2006, Plaintiff executed another Security Deed for the Property (the "2006 Security Deed")—apparently in connection with a refinance—that reflected a $388,000 loan from American Brokers Conduit ("ABC"). (Compl. ¶ 4; Doc. 13-1 at 1-3). The 2006 Security Deed is recorded at Deed Book 50271, Page 229 Fulton County, Georgia records. (Doc. 13-1). The 2006 Security Deed conveyed the Property to MERS, as grantee for ABC and its successors and assigns. (Doc. 13-1 at 1-3). The following month, on December 6, 2006, a Satisfaction of Mortgage was executed with respect to the Green Point mortgage, reflecting satisfaction of the $237,000 loan. (Compl. ¶ 6). On July 26, 2011, the 2006 Security Deed was assigned to Deutsche Bank via an assignment (the "Assignment"). (Compl. ¶ 4; Doc. 13-2). The Assignment is recorded at Deed Book 50327, Page 568, Fulton County, Georgia records. (Doc. 13-2). [1]

---

[1] I have taken judicial notice of the 2006 Security Deed and the Assignment, (attached as Exhibits A and B to Deutsche Bank's motion to dismiss (Docs. 13-1,

According to the Complaint, ABC went out of business on November 30, 2010, a year before the Assignment occurred. (Compl. ¶ 7).

Plaintiff alleges that at some point, he became suspicious of Deutsche Bank's right to collect on the alleged debt, at which point he began to "rightfully withhold payments pending legal validation of Defendant's standing." (Compl. ¶ 9). Plaintiff contends that the Assignment must be invalid because ABC was out of business by the time the Assignment was executed. Plaintiff appears to argue that the FDIC should have been (but was not) appointed as receiver, and Plaintiff complains that "there is no purchase and assumption agreement and there was no assignment recorded. . . pursuant to the rules of the FDIC." (Id. ¶ 15). Plaintiff contends that the Assignment is invalid, and therefore Deutsche Bank has no right or interest in the Property. (Id. ¶ 13). Plaintiff further alleges that Defendants undertook certain "foreclosure activity" with respect to the Property, which he contends was unlawful, and he asks the Court to enjoin further "foreclosure

---

13-2)) pursuant to Federal Rule of Evidence 201, because these documents are public records, having been recorded in the Fulton County Deed Books. See Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citing Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)). Because Plaintiff refers to these documents in his Complaint and they are central to his claims, I have considered them without converting the two motions to dismiss into motions for summary judgment. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

activity." (Id. ¶ 18). In his Complaint, Plaintiff asserts the following causes of action:

1. **Quite Title**: Plaintiff alleges that because ABC went out of business before the Assignment was executed, the Assignment is necessarily invalid. (Compl. ¶¶ 14, 20).

2. **Title Fraud**: Plaintiff alleges that "Defendant" committed fraud in violation of O.C.G.A. § 44-2-43 when "Defendant's [sic] lied" to the Fulton County Superior Court by claiming that the note was lost. (Compl. ¶¶ 8, 21-25). Plaintiff also alleges that his original lender, Green Point, went out of business in 2007 and could not have transferred any interest in the Property in 2011.

3. **Violation of Internal Revenue Code § 860A-G and the Securities & Exchange Act of 1934**: Plaintiff alleges that "Defendant" violated United States tax laws and securities laws when, in 2011, it transferred his loan into a trust that had "closed" in 2007. (Compl. ¶¶ 26-32).

4. **Violation of the terms of the Pooling and Servicing Agreement**: Plaintiff alleges that the Assignment violated the terms of an unspecified Pooling and Servicing Agreement when, in 2011, "Defendant" transferred the loan into a trust that had "closed" in 2007. (Compl. ¶¶ 28-29, 33-38).

5. **Wrongful Attempted Foreclosure**: Plaintiff titles his claim as one for wrongful foreclosure, but he cites law discussing wrongful attempted foreclosure and alleges that "defendants are attempting to wrongfully foreclosure (sic)." (Compl. ¶ 42). Plaintiff does not allege that any foreclosure actually took place, alleging only that the Law Firm committed a wrongful attempted foreclosure by "commencing"

   foreclosure proceedings by advertising the Property for sale. (Id. ¶¶ 39-42).

6. **Fraudulent Assignment**: Plaintiff alleges that the Assignment is

6

fraudulent because his loan "cannot be transferred into a 2011 trust when the trust closed in 2007." (Compl. ¶¶ 43-50).

7. **Civil RICO**: Plaintiff alleges that Defendants violated both the federal and Georgia civil RICO statutes when they "hatched a scheme to take title to the subject property when [they] realized there was no documentation proving it owned Plaintiffs' [sic] loan." (Compl. ¶¶ 51-54).

In his prayer for relief, Plaintiff requests, among other things, an award of damages and a declaration that Defendants have no legal interest in the Property. (Id. at 16-17).

## III. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, the court must eliminate any allegations in the complaint that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity

7

and determine whether they plausibly give rise to an entitlement to relief. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). In addition, courts may infer from the factual allegations in the complaint "obvious alternative explanations" that suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. Twombly, 550 U.S. at 567.

### A. Collateral Estoppel

In their respective motions, Defendants argue that collateral estoppel bars Plaintiff's claims based on two prior state court actions: Deutsche Bank National Trust Company v. Timothy Dean Williams, Superior Court of Fulton County, Civil Action No. 2011-CV-195079 (the "2011 State Court Case"); and Deutsche Bank National Trust Company v. Timothy Dean Williams, et al., Superior Court of Fulton County, Civil Action No. 2012-CV-220608 (the "2012 State Court Case"). (Docs. 3, 5, 12, 13).[2] Deutsche Bank filed the state court cases against Plaintiff to

---

[2] I have taken judicial notice of the initiating pleadings and the final judgments in those cases for the limited purpose of analyzing Defendants'

8

correct problems with the title to the Property. Specifically, the 2011 State Court Case addressed the fact that the original version of the 2006 Security Deed was lost and had not been recorded. (Doc. 15-1 at 2-3, ¶¶ 3-9). The 2012 State Court Case was brought to correct an error in the legal description of the Property and to cancel a satisfied prior security deed. (Doc. 15-2 at 6-8, ¶¶ 17-23). In both cases, Plaintiff failed to file an answer, and in both cases, the state court issued a default judgment against Plaintiff. (Doc. 15-1 at 48-54; Doc. 15-2 at 104-109).

Collateral estoppel, or issue preclusion, prohibits the re-litigation of issues that have been adjudicated in a prior action. <u>I.A. Durbin, Inc. v. Jefferson Nat'l Bank</u>, 793 F.2d 1541, 1549 (11th Cir. 1986). Defendants argue that Plaintiff's claims in the instant action are barred by collateral estoppel because the final orders in both of the state court cases declare that the 2006 Security Deed reflects a valid lien encumbering the Property. (Doc. 15-1 at 53; Doc. 15-2 at 107). According to Defendants, the issue on which all of Plaintiff's claims in the instant

---

collateral estoppel arguments. (Docs. 13-3, 13-4, 15-1, 15-2). <u>See</u> <u>Tuscano v. Evening Journal Assoc.</u>, 179 F. App'x. 621, 623 n.3 (11th Cir. 2006) (unpublished) (citing <u>Young v. City of Augusta, Ga., Through DeVaney</u>, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995)) (holding that courts may take judicial notice of public filings in a prior action for the limited purpose of recognizing the judicial action taken and/or the subject matter of the litigation).

action rests—whether Deutsche Bank has a valid lien on the Property—has already been conclusively decided.

One of the elements necessary for collateral estoppel to apply is that the issue have been "actually litigated" in the prior suit. This is true whether federal law or Georgia law applies. See I.A. Durbin, Inc, 793 F.2d at 1549 (listing four prerequisites for collateral estoppel including that "the issue must have been actually litigated in the prior suit"); Fleming v. Fleming, 539 S.E.2d 563, 565 (Ga. Ct. App. 2000) ("The doctrine of collateral estoppel applies when an issue of fact or law is actually litigated, is determined by a valid judgment, and that determination is essential to the judgment."). Generally speaking, where a defaulting defendant has not substantially participated in a lawsuit and suffers a default judgment, that default judgment will not support the application of collateral estoppel because the issues were not "actually litigated." See Insituform Techs., LLC v. Cosmic TopHat, LLC, 959 F. Supp. 2d 1335, 1342 (N.D. Ga. 2013) (citing In re Bush, 62 F.3d 1319, 1323 (11th Cir.1995)).

Here, both of the prior state court actions ended with default judgments. The Law Firm does not address the "actually litigated" element of collateral estoppel, stating simply that "all the elements of collateral estoppel are met." (Doc. 12 at 9). Deutsche Bank alludes to this issue by stating that Plaintiff "submitted pleadings"

10

in the 2011 State Court Case, but it does not directly address whether any issues in the 2011 State Court Case were "actually litigated." (Doc. 13 at 7-8).

Based on the documents that Deutsche Bank filed in this case, it is evident that Plaintiff did not file an answer in the 2011 State Court Case, but rather filed only a request for certain information. (Doc. 15-1 at 41-47, 49). According to the Final Judgment in the 2011 State Court Case, the judge determined that the request for information did not amount to an answer, deemed all of Deutsche Bank's averments as admitted, and granted a default judgment. (Doc. 15-1 at 48-54). Because the judicially noticed documents in the record before me do not show that Plaintiff substantially participated in either of the state courts cases or that the issues raised in those cases were "actually litigated," I conclude that collateral estoppel does not bar Plaintiff's claims in the instant action. See Insituform Techs., 959 F. Supp. 2d at 1342. Thus, I will address the merits of the claims.[3]

### B. **Plaintiff Cannot Challenge the Validity of the Assignment**

At the core of each of Plaintiff's claims in this lawsuit is his contention that the Assignment is invalid. Plaintiff presents this contention in two ways: first, that

---

[3] Moreover, it appears that the key issue in the instant case—whether the Assignment is invalid—was not addressed in the two state court cases. Thus, another element of collateral estoppel is absent. See I.A. Durbin, Inc, 793 F.2d at 1549.

11

the Assignment cannot be valid because at the time the Assignment was executed, his lender was out of business; and second, that there is a fundamental problem with the Assignment because the trust into which the Property was transferred had already "closed" at the time of the transfer.

It is well settled under Georgia law that a borrower has no standing to contest the validity of an assignment of a security deed to which he or she is not a party. See Ames v. JP Morgan Chase Bank, N.A., 783 S.E.2d 614, 620 (Ga. 2016) ("What the debtor cannot do is dispute the assignment; that may normally be done only by the assignor, because the debtor is not a third-party beneficiary of the assignment as a whole and particularly is not intended to directly benefit from the transfer of the power of sale."); Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (stating that plaintiff-borrower, who was not a party to the assignment, "ha[d] no basis to contest the validity of the assignment").

Here, Plaintiff is not a party to the Assignment. As a result, Plaintiff does not have standing to plead any claim challenging the validity of the Assignment. See, e.g., Coast v. Bank of N.Y. Mellon Trust (N.Y. BMT), N.A., No. 1:13-CV-0991-WSD, 2013 WL 5945085, at *4 (N.D. Ga. Nov. 6, 2013) ("To the extent Plaintiffs argue that the Assignment is defective or fraudulent, Plaintiffs were not parties to the Assignment and therefore they do not have standing to challenge its

validity."); Hines v. MidFirst Bank, No. 1:12-CV-2527-TWT-JSA, 2013 WL 609401, at *7 (N.D. Ga. Jan. 8, 2013), report and recommendation adopted, 2013 WL 603883 (N.D. Ga. Feb. 19, 2013) ("To the extent Plaintiff is basing her claim of misrepresentation on the Assignment, however, her claim must fail. Plaintiff was not a party to the Assignment, and thus has no standing to challenge it.").[4] Because the underlying premise of each of Plaintiff's claims is that the Assignment is invalid, all of Plaintiff's claims are subject to dismissal.

### C.  **Other Deficiencies in Plaintiff's Complaint**

In addition to the reasons discussed above, there are other evident deficiencies in Plaintiff's complaint that require dismissal of each of Plaintiff's claims.

First, Plaintiff's claim to quiet title fails as a matter of law for the additional reason that Plaintiff has failed to comply with the statutory requirements for bringing such a claim. In the Complaint, Plaintiff seeks relief pursuant to Georgia Code Section 23-3-60 et seq., which allows parties to seek to quiet title "against all

---

[4] Moreover, Plaintiff's conclusory allegations of misconduct on the part of Defendants are belied by the 2006 Security Deed and the Assignment. These documents together reflect that Deutsche Bank—at least at some point in time—was the proper party to institute foreclosure proceedings as the assignee of the Security Deed. See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013). This is an "obvious alternative explanation" that supports lawful conduct. See Twombly, 550 U.S. at 567.

the world to establish his title to the land and to determine all adverse claims thereto." O.C.G.A. § 23-3-61. That statute contains specific requirements, including that the petition be verified, that the petition contain certain averments, and that the petitioner file certain specified documents (such as a plat of survey of the land) along with the petition. See O.C.G.A. 23-3-62. Plaintiff has failed to comply with these statutory prerequisites to relief. For this reason, this claim is subject to dismissal. See Shellman v. JP Morgan Chase, N.A., No. 1:11-CV-2850-RWS, 2012 WL 844132, at *2 (N.D. Ga. Mar. 9, 2012) (dismissing a quiet title claim where the petition was not verified and where a plat of the survey of the land was not attached to the petition as required by the statute).

Plaintiff's claim for title fraud under Georgia Code Section 44-2-43 is legally insufficient for the additional reason that the statute does not provide a private cause of action. See Restivo v. Bank of Am. Corp., 618 F. App'x 537, 540 (11th Cir. 2015) (unpublished) ("Section 44-2-43 of the Georgia Code—which provides that certain acts of fraud, forgery, or theft in connection with the registration of title to land constitute a felony—does not provide a private cause of action.").

Plaintiff's claim for attempted wrongful foreclosure fails for the additional reason that Plaintiff has not alleged, and it does not appear, that he is current on his

loan obligations. On the contrary, Plaintiff alleges that he withheld payments on his mortgage when he became suspicious of Defendants. (Compl. ¶ 9). Plaintiff neither alleges in his Complaint nor argues in his response brief that he ever stopped withholding payments or took any steps to bring his loan current. Failure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure or attempted wrongful foreclosure claims. See Harvey v. Deutsche Bank Nat. Trust Co., No. 1:12-CV-1612-RWS, 2012 WL 3516477, at *2 (N.D.Ga. Aug.14, 2012) ("Failure to make the proper loan payments defeats any wrongful foreclosure claim."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004) (holding that the plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because the plaintiff defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale).

Finally, with respect to Plaintiff's claims for civil RICO, violation of the IRC, violation of the federal securities laws, and breach of an unidentified pooling and service agreement, these claims are utterly baseless, reckless, and entirely without merit.

## IV. CONCLUSION

For the foregoing reasons, I **RECOMMEND** that Defendants' motions to dismiss, as amended (Docs. 3&12, 5&13), be **GRANTED.** The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned magistrate judge.

**SO ORDERED AND RECOMMENDED**, this 20th day of April 2017.

_____
Catherine M. Salinas
United States Magistrate Judge