# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY DEAN WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1 MORTGAGE BACKED PASS THROUGH CERTIFICATES SERIES 2007-1 and WEISSMAN, NOWACK, CURRY & WILCO, P.C.,<br><br>        Defendants. | 1:16-cv-3286-WSD |

## **OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation ("R&R") [16]. The R&R recommends the Court grant Defendants Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage Backed Pass Through Certificates Series 2007-1's ("Deutsche Bank") and Weissman, Nowack, Curry & Wilco, P.C.'s ("Weissman") (together "Defendants") Motions to Dismiss [12, 13].

**I.     BACKGROUND**

On February 20, 2004, Plaintiff Timothy Dean Williams ("Plaintiff") obtained a loan in the amount of $237,000 from Green Point Mortgage Funding Inc. ("Green Point"). (Complaint [1.1] at 4). Repayment of the loan was secured by a deed ("2004 Security Deed") to real property located at 221 16th Street, #4, Atlanta, Georgia (the "Property"). (Id.). Plaintiff executed the 2004 Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee for Green Point. (Id.).

On November 16, 2006, Plaintiff refinanced existing debt and obtained a $388,000 loan from American Brokers Conduit ("ABC"). ([13] at 2; R&R at 4; see also [12.4] at 2). Repayment of this loan was also secured by a deed ("2006 Security Deed") for the Property. ([13] at 2). Plaintiff executed the 2006 Security Deed in favor of MERS, as grantee for ABC and its successors and assigns. (Compl. at 4-5; 2006 Security Deed [13.1] at 1-3).[1]

---

[1] Deutsche Bank attaches to its Motion to Dismiss copies of the 2006 Security Deed and the Assignment, which were filed with the Clerk of the Superior Court of Fulton County, Georgia. These documents are matters of public record and the Court may consider them. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).

In connection with the refinance, on December 6, 2006, a Satisfaction of Mortgage, in the amount of $237,000, was paid to MERS, with respect to the 2004 Security Deed. (Compl. at 5; R&R at 4; see also [12.4] at 2).

On July 26, 2011, MERS assigned the 2006 Security Deed to Deutsche Bank, with an effective date of December 27, 2010 ("the Assignment"). [13.2]. Plaintiff contends that ABC went out of business in 2010, making the Assignment in 2011 invalid because it occurred after ABC was out of business. (Compl. at 5-6).

At some point, Plaintiff alleges, he became suspicious of Deutsche Bank's "standing" to collect Plaintiff's mortgage payments and Plaintiff began withholding payments. (Compl. at 6). Plaintiff contends he is a "pawn in a mortgage scam" of Deutsche Bank and their attorneys, Weissman.

On August 1, 2017, Plaintiff, proceeding *pro se*, filed his Complaint in the Superior Court of Fulton County, Georgia. Plaintiff appears to argue that the Assignment to Deutsche Bank was not valid, and that Deutsche Bank thus lacks authority to foreclose on his home. Plaintiff asserts claims against Defendants to quiet title, title fraud, wrongful attempted foreclosure, and fraudulent assignment. Plaintiff further alleges Defendants violated both federal and state civil RICO statutes, the pooling and servicing agreement ("PSA") for the trust into which his

loan was allegedly transferred, Internal Revenue Code § 860A-G ("IRC"), and the Securities Exchange Act of 1934 (the "'34 Act"). ([1.1]).

On August 31, 2016, Weissman filed its Motion to Dismiss in Fulton County Superior Court [3]. That same day, both Defendants removed the case to this Court on the basis of federal question jurisdiction [1]. Defendants also assert that the Court has diversity jurisdiction over this action because Weissman, a Georgia citizen, was fraudulently joined. ([1] at 4).

On September 7, 2016, Deutsche Bank moved to dismiss Plaintiff's Complaint. ([5]).

On September 20, 2016, Plaintiff responded to Defendants' Motions to Dismiss. [8].

On March 2, 2017, the Magistrate Judge ordered Defendants to amend their Motions to Dismiss [12, 13], including to provide pleadings from the two previous state court actions which, Defendants claim, support that this action is barred by collateral estoppel. Plaintiff did not file a response to the amended motions.

On April 20, 2017, the Magistrate Judge issued her R&R, which recommends granting Defendants' Amended Motions to Dismiss because Plaintiff

fails to state a viable claim for relief because he lacks standing to challenge the Assignment.[2] Plaintiff did not object to the R&R.

## II. DISCUSSION

### A. Legal Standard

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been

---

[2] The Magistrate Judge found that collateral estoppel does not bar Plaintiff's claims because the requirement that the claim was previously litigated was not met. The doctrine of collateral estoppel precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action. See Cmty. State Bank v. Strong, 651 F.3d 1241, 1264 (11th Cir. 2011) (citing Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006)); In re Bush, 62 F.3d 1319, 1323 (11th Cir. 1995) ("Ordinarily a default judgment will not support the application of collateral estoppel because [i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.") (quotations omitted).

made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

2. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court also is not required to accept as true conclusory allegations and legal conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).[3]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus,

---

[3] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

7

551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

### B. Analysis

#### 1. Standing to Challenge the Assignment

All of Plaintiff's claims are based on his assertion that Deutsche Bank does not have the authority to foreclose on the Property because ABC went out of business in 2010, and thus the Assignment, which was executed in 2011 and purports to convey ABC's rights under the Security Deed to Deutsche Bank, is invalid. (Compl. at 3-4, 6-9). The Magistrate Judge concluded that Plaintiff lacks standing to challenge the Assignment because Plaintiff was not a party to the Assignment, and he does not allege that the Assignment was made for his benefit. Because Plaintiff cannot state a viable claim for relief based on perceived defects in the Assignment, the Magistrate Judge recommended that Plaintiff's claims be dismissed. The Court finds no plain error in this recommendation. See

Jurden v. HSBC Mortg. Corp., 765 S.E.2d 440, 442 (Ga. Ct. App. 2014) (It is well-established under Georgia law that a borrower who is not a party to the assignment of a security deed lacks standing to challenge that assignment because he is a stranger to the assignment contract); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (same). Plaintiff fails to state a viable claim for relief and therefore Plaintiff's complaint is required to be dismissed.

2. Additional Grounds for Dismissal

The Magistrate Judge found that, to the extent Plaintiff asserts a claim to quiet title, Plaintiff did not comply with the requirements of O.C.G.A. § 23-3-62, including because Plaintiff's Complaint does not contain a plat of the survey of the land. The Magistrate Judge recommended that Plaintiff's claim for quiet title be dismissed for this additional reason, and the Court finds no plain error in this recommendation. See O.C.G.A. § 23-3-62 (with the complaint for quiet title a plat of survey of the land must be filed).

The Magistrate Judge also found that Plaintiff fails to state a claim for title fraud under Georgia Code Section 44-2-43 because the statute does not provide a private cause of action for title fraud. The Magistrate Judge recommended that Plaintiff's claim for title fraud be dismissed for this additional reason, and the Court finds no plain error in this recommendation. See Restivo v. Bank of Am.

9

Corp., 618 F. App'x 537, 540 (11th Cir. 2015) ("Section 44–2–43 of the Georgia Code—which provides that certain acts of fraud, forgery, or theft in connection with the registration of title to land constitute a felony—does not provide a private cause of action."); State Farm Mut. Auto. Ins. Co. v. Hernandez Auto Painting & Body Works, Inc., 719 S.E.2d 597, 601 (Ga. Ct. App. 2011) ("[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof. Rather, the statutory text must expressly provide a private cause of action.") (citations omitted).

The Magistrate Judge found that Plaintiff admits he withheld his mortgage payments and he does not allege, and it does not appear, that he is current on his loan obligations. Because failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure, the Magistrate Judge recommended that Plaintiff's claim for attempted wrongful foreclosure be dismissed for this additional reason. The Court finds no plain error in this recommendation. See, e.g., Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12 cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure.");

Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because [plaintiff] defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale).

The Magistrate Judge concluded that Plaintiff's conclusory, vague, and meritless allegations that Defendants engaged in fraud are not sufficient to support claims for civil RICO, violation of the IRC or violation of the '34 Act. The Magistrate Judge recommended that these claims be dismissed, and the Court finds no plain error in this recommendation. See Fed. R. Civ. P. 9(b); Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) ("To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."); Curtis Inv. Co., LLC v. Bayerische Hypo-Und Vereinsbank, AG, 341 F. App'x 487, 493 (11th Cir. 2009) (The particularity requirement for fraud in Federal Rule of Civil Procedure

9(b) applies to fraud-based Georgia RICO claims brought in federal court.); Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.[4]

The Court has reviewed the record in this case and, finding no plain error in the unobjected-to findings and conclusions, adopts the findings and recommendations in the R&R. See Slay, 714 F.2d at 1095. Defendants' Motions to Dismiss are granted.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [16] is **ADOPTED**.

---

[4] The Court also notes that, to the extent Plaintiff's IRC and '34 Act claims are based on perceived defects in the transfer of Plaintiff's loan to a trust and alleged noncompliance with the trust's PSA, Plaintiff is not a party to the PSA and he thus lacks standing to enforce its terms under Georgia law. See Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013)). That Plaintiff's loan was transferred to a trust, even if the transfer was not valid under the IRC and '34 Act, is not material to whether Deutsche Bank, as the holder of the 2006 Security Deed, has standing to foreclose on the Property. See You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013) ("Under Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). Plaintiff's claims for violation of the IRC and '34 Act are required to be dismissed for this additional reason.

**IT IS FURTHER ORDERED** that Defendants Deutsche National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage Backed Pass Through Certificates Series 2007-1's, and Weissman, Nowack, Curry & Wilco, P.C.'s Motions to Dismiss [12, 13] are **GRANTED**.

**SO ORDERED** this 12th day of July, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE